UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TREVOR L. YOUNG JR.,

        Plaintiff,

    v.                                    Case No. 22-C-130

LT. JONES, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Trevor L. Young, Jr., who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the full filing fee and for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $21.60. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff is an inmate at the Milwaukee County Jail (MCJ). Dkt. No. 1. Defendants are Lt. Jones, CO Martin, Earnell Lucas, and MCJ. *Id.*

On January 8, 2022, Lt. Jones and CO Martin went to Plaintiff's cell in response to a dispute between Plaintiff and a different correctional officer over food. *Id*. at 2. Lt. Jones removed Plaintiff from his cell and told him that he was being placed on "watch." *Id*. Plaintiff explained that he never said anything "unsafe" and asked how he could be placed on watch without an evaluation from a psychologist. *Id*. Lt. Jones responded, "MCJ does what they want." *Id*.

Lt. Jones and CO Martin placed Plaintiff in a "rip belt" and escorted him to a different cell to change into a "turtle gown." *Id*. Once at the new cell, they removed the rip belt and told Plaintiff to "change over." *Id*. at 2-3. Plaintiff once again verbally protested his placement on watch, explaining that the officers were not following proper protocol. *Id*. at 3. In response, Lt. Jones handcuffed Plaintiff behind his back, and CO Martin unholstered his taser and pointed it at Plaintiff's face and body. *Id*. CO Martin then yelled at Plaintiff to "change over," while Lt. Jones yelled that she would "beat [his] ass" if he didn't change over. *Id*. Again, Plaintiff verbally protested and asked for the Psychological Services Unit (PSU). *Id*. At that point, Lt. Jones told CO Martin to "just pop him." *Id*. CO Martin immediately complied and tasered Plaintiff in the stomach twice, drawing blood. *Id*. Lt. Jones then escorted Plaintiff into the hallway, where medical staff and other correctional officers were waiting to respond to the situation. *Id*. For relief, Plaintiff seeks monetary damages. *Id*. at 4.

3

# THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Fourteenth Amendment applies to an excessive force claim brought by a pre-trial detainee. *Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. With respect to use of a taser, the Seventh Circuit has long held that "use of a taser gun against a prisoner is more than a *de minimis* application of force." *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009); *see also Matta–Ballesteros v. Henman*, 896 F.2d 255, 256 n.2 (7th Cir. 1990) (noting that a taser "sends an electric pulse through the body of the victim causing immobilization, disorientation, loss of balance, and weakness"). Indeed, justification to use a taser "does not necessarily exist every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. For example, use of a taser may be unreasonable "in the absence of any agitation or threat" from the inmate; when there is a "short passage of time" between an officer's order and the taser shot; when there is a "single, unrepeated order" before the taser shot is deployed; and when there is a "dearth of warnings" regarding the consequences of an inmate failure to comply with an order. *Id.* at 478.

Plaintiff alleges that it was objectively unreasonable for Lt. Jones and CO Martin to use a taser on him on January 8, 2022. He appears to concede that he was slow to comply with an order,

4

but he states that he was not agitated or otherwise a threat during the encounter, that there was a short amount of time that passed between the order to "change over" and deployment of the taser shots, that there was no warning about what would happen if Plaintiff did not "change over," and that it was not necessary to tase him twice (instead of just once). Based on these allegations, the Court can reasonably infer that the use of a taser on Plaintiff was unreasonable. Therefore, Plaintiff may proceed with a Fourteenth Amendment excessive force claim against Lt. Jones and CO Martin regarding the January 8, 2022, tasering incident at the Milwaukee County Jail.

The Court will dismiss Earnell Lucas from this case based on lack of personal involvement. Plaintiff does not allege any facts at all against Lucas. Plaintiff notes in the caption that Lucas is an "employer" at the jail, but Lucas's role as a supervisor at the jail is not enough to impose constitutional liability on him for the actions of others. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

Similarly, a jail is not a proper defendant in a §1983 claim. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding that a jail is not a "person" within the meaning of §1983 and, thus, is a "non-suable entity"). Therefore, the Court will also dismiss MCJ from this case.

## CONCLUSION

The Court finds that Plaintiff may proceed with a Fourteenth Amendment excessive force claim against Lt. Jones and CO Martin regarding the January 8, 2022, tasering incident at the Milwaukee County Jail.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

5

**IT IS FURTHER ORDERED** that Earnell Lucas and the Milwaukee County Jail are **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on Lt. Jones and CO Martin.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Lt. Jones and CO Martin shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$328.40** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 4th day of April, 2022.

>s/ William C. Griesbach
>William C. Griesbach
>United States District Judge