UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────

TREVOR L. YOUNG, JR.,

    Plaintiff,

  v.            Case No. 22-C-130

RODGINA JONES, et al.,

    Defendants.
─────────────────────────────────────────────

## DECISION AND ORDER

  Plaintiff Trevor L. Young, Jr., who is representing himself, is proceeding on a claim that Defendants Rodgina Jones and Jacob Martin used excessive force at the Milwaukee County Jail on January 8, 2022, when, at Jones' direction, Martin tased him twice in the stomach while he was handcuffed. Dkt. No. 1. On August 19, 2022, Defendants filed a motion for summary judgment based on Young's failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 19. On November 7, 2022, Young filed a motion for default judgment arguing that Defendants failed to timely file reply materials. Dkt. No. 37. Because Defendants did timely reply, the Court will deny the motion for default judgment. The motion for summary judgment is now fully briefed and ready for decision. For the following reasons, Defendants' motion for summary judgment will be denied.

## BACKGROUND

  Young arrived at the Milwaukee County Jail on April 23, 2021. Defs.' Proposed Findings of Fact ¶¶ 3–4, Dkt. No. 20. On April 29, 2021, Young signed a form confirming that he received the jail's Inmate Handbook. Defs.' Supplemental Proposed Findings of Fact (DSPFOF) ¶ 30, Dkt. No. 33. The Inmate Handbook sets forth a four-step grievance process:

**GRIEVANCES**

If you feel you are being treated unjustly or unfairly you may file a grievance. A grievance must:
- Address an issue personally affecting an occupant in the area of health, welfare, facility operation or occupant services
- Address a complaint of oppression or misconduct by an employee
- You should file a grievance <u>only after you have addressed the problem with the pod officer and are not satisfied with the result.</u>

Grievance procedure:
1. Complete grievance in the Kiosk. If you need help, ask the officer, or request the assistance of an advocate.
2. The grievance will be reviewed and answered by a Jail Representative.
3. If you are dissatisfied with the result you may appeal the decision by writing supporting documentation including full names of witnesses. The appealing Jail Representative will review and rule on your appeal.
4. Once the appealing representative has ruled, and more evidence is available you may make one final appeal to the Jail Commander or his/her designee. This appeal must include all previous writings and supporting testimony and evidence and the new-found information/evidence. This decision/action is final.

Dkt. No. 22-1 at 3. Defendants assert that the Special Projects Team is tasked with reviewing, responding to, and assigning all inmate grievances. DSPFOF ¶ 33. Inmates are informed of the grievance procedures in the inmate handbook, postings throughout the jail, and a video loop running continuously in the booking room. *Id.* ¶ 34.

After a staff member investigates a grievance's allegations, the staff member is required to enter a response into the Inmate Request Manager system. Lieutenant Crystalina Montano then reviews the response to determine if it adequately addresses the grievance's allegations. Once she determines that no further action is required, the grievance is marked "closed" in the kiosk system. *Id.* ¶ 35. Defendants assert that the term "closed" as to a grievance means that a decision has been made regarding the grievance. *Id.* ¶ 37. They maintain that an inmate is immediately able to electronically review grievances responses at the kiosk. *Id.* ¶ 36. If an inmate wishes to appeal a grievance response, he selects the appeal option that appears on the kiosk screen. *Id.* ¶ 39.

2

The incident giving rise to this lawsuit occurred on January 8, 2022. On January 10, 2022, Young filed Grievance No. 55725 (Grievance #1) stating, "On 1-8-22 I was shot twice in my stomach by CO Marten while handcuffed behind my back by Lt. Jones who told him to do it." Dkt. No. 22-2. Young filed two additional grievances, Grievance No. 55857 (Grievance #2) and Grievance No. 56270 (Grievance #3), regarding the January 8, 2022 incident on January 11, 2022, and January 13, 2022, respectively. Dkt. Nos. 22-3 & 22-4.

Jones, one of the individuals involved in the tasing incident, responded to Grievance #2 and #3 on January 17, 2022. *Id.* She stated, "You were not handcuffed when tased. Thank you." and closed the grievance. *Id.* At 9:10 a.m. on January 20, 2022, jail staff responded to Grievance #1 stating that Lt. Jones already addressed the matter and closed the grievance. Dkt. No. 22-2.

Approximately 20 minutes later, Young filed Grievance No. 57169 (Grievance #4), stating "I would like to speak with the jail commander regarding my grievance of being [tased]." Dkt. No. 22-5. On January 26, 2022, jail staff closed Grievance #4, stating "occupant no longer in custody." *Id.*

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show

3

that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Defendants assert that they are entitled to summary judgment because Young did not exhaust the administrative remedies before he filed this lawsuit. The PLRA provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects inmates to adhere to the specific procedures and deadlines established by the institution's policy. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citation omitted).

That said, inmates are expected to exhaust only those administrative remedies that are available to them. Because exhaustion is an affirmative defense, Defendants must prove that the administrative remedies were available. *Dole*, 438 F.3d at 809. An administrative remedy may be unavailable when prison officials provide an inmate with erroneous information or otherwise use affirmative misconduct to prevent him from exhausting. *Id*.

Defendants note that, while Young filed multiple grievances regarding the incident at issue in this case, he did not appeal any of the responses to those grievances as required by the jail's grievance policy. Defendants argue that this action must therefore be dismissed because Young did not complete every step in the grievance process. Young asserts that his failure to complete

4

the grievance process is excused because Defendants' confusing responses rendered the administrative remedies unavailable. For the following reasons, the Court agrees that Defendants have failed to prove that the administrative remedies were available to Young.

The first step of the jail's grievance policy instructs inmates to "[c]omplete grievance in the Kiosk." It is undisputed that Young submitted grievances through the kiosk on January 10, 11, and 13, 2022, regarding the incident at issue in this action.

The second step in the policy indicates that "[t]he grievance will be reviewed and answered by a Jail Representative." This is where the confusion first arises. On January 12, 2022, in response to Young's *second* grievance, a jail official responds, "Please review." Dkt. No. 22-3. It is not clear who that comment is directed to, but the "user assigned" was changed to Defendant Jones, suggesting that the jail official was directing Jones to address Young's allegations. Two days later, on January 14, 2022, a jail official responds to Young's *third* grievance, "This matter was already unfounded in a separate grievance." Dkt. No. 22-4. However, this statement is incorrect. At that point, there had been no finding on *any* of Young's three grievances, only an instruction to Jones to review his allegations.

A few days later, on January 17, 2022, Jones responds to Young's *second* and *third* grievances (after having been instructed to review the second grievance), "You were not handcuffed when tased. Thank you." Dkt. Nos. 22-3, 22-4. The second and third grievances are then marked closed. On January 20, 2022, in response to Young's *first* grievance, a jail official comments, "This matter was already addressed by Lt. Jones." Dkt. No. 22-2. The first grievance is then marked closed. *At no point* did a jail official state that Young's grievances were unfounded or that Defendants did not do what Young said they had done. *See, e.g.*, Dkt. 22-2 (responding to an unrelated grievance, "After reviewing your file, I find that Captain Briggs did not violate [] DOC 350 Rules or Regulations."). Instead, Jones disputed Young's version of what had happened and then someone (for an unexplained reason) closed the grievances.

5

The confusion continues with step three in the policy, which allows an inmate to "appeal the decision by writing supporting documentation including the full names of witnesses." As noted, there was no decision on any of Young's three grievances; all three grievances were closed without comment. Defendants assert that closing a grievance means a jail official has determined that the grievance has no merit, but Defendants do not explain how inmates are supposed to know that. Step three of the policy does not state how an inmate should proceed when a grievance is closed without a decision. Nor does the policy inform inmates how to "write supporting documentation" or even how to submit the appeal. Unlike the clear direction to inmates in step one to "complete grievance in the Kiosk," step three is silent about how to complete an appeal. Defendants note that inmates may simply push the "appeal" button at the kiosk, but that instruction is not included in the policy. It has long been settled that "[p]risoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about." *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) (overruled on other grounds).

The grievance policy also notes, "[i]f you need help, ask the officer, or request the assistance of an advocate." Construing the facts in Young's favor, it appears that he attempted to seek help on how to advance his grievances since he had not received a decision. On January 20, 2022, he submitted a request stating that he "would like to speak with the jail commander regarding [his] grievance of being ta[sed]." Dkt. No. 22-5. Rather than responding to the substance of Young's request, a jail official simply closed the grievance on January 26, 2022, incorrectly noting, "[o]ccupant no longer in custody." Apparently frustrated, Young initiated this lawsuit four days later, on February 1, 2022.

On this record, the Court finds that the administrative remedies were unavailable to Young. Young did not receive an answer on his grievances from a jail representative as the policy indicated he would. Instead, his grievances were summarily closed without a decision after the officer he accused of wrongdoing disputed his version of what had happened. Young could not appeal a

6

decision he never received, and the policy is silent on what an inmate in that situation is required to do. Further, in a good faith effort to comply, Young sought help by asking to speak to someone who could review his grievance. Instead of providing him with guidance, the jail summarily closed his request with the incorrect comment that he was no longer in custody. "Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d 809.

Based on this evidence, the Court is unable to find that Defendants have met their burden to show that Young was able to exhaust an available grievance process. If Defendants nevertheless believe that they are able to sustain their burden, they can request a hearing, which the Court will promptly schedule. On this record, however, Defendants' motion for summary judgment based on Young's failure to exhaust administrative remedies (Dkt. No. 19) is **DENIED**. Young's motion for default judgment (Dkt. No. 37) is **DENIED**, and Young's motion to lift the stay on proceedings (Dkt. No. 40) is **GRANTED**. Discovery is to be completed no later than **May 1, 2023**. Dispositive motions are due **May 31, 2023**.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of January, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge